IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE R. COHN, | ) | CV. NO. 12-00502 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECUSAL |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

Before the Court is Plaintiff George Cohn's Motion for Recusal (Doc. 18.), which was referred to this Court in the Order Referring Plaintiff's Motion for Recusal of Judge Barry M. Kurren. (Doc. 20.) After careful consideration of the Motion, Plaintiff's Motion is DENIED.

On November 16, 2012, Plaintiff a document entitled, "Pleading #3 Accommodation, and Recusal Request." (Doc. 18.) In that Document, Plaintiff requested that the Court (1) appoint counsel and (2) recuse Judge Barry M. Kurren from this case. On November 21, 2012, District Judge J. Michael Seabright denied the request for counsel and referred the Motion for Recusal to this Court.

Section (a) of 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which

his impartiality might reasonably be questioned." See also 28 U.S.C. § 144 (providing that if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [he] shall proceed no further."). The relevant inquiry is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (citations and quotations omitted).

The alleged bias "must usually stem from an extrajudicial source." Pesnell v. Arsenault, 543 F.3d 1038, 1043-44 (9th Cir. 2008). The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994).

Plaintiff asserts that this Judge should be recused from this action because in a previous action brought by Plaintiff, this Court refused to have Plaintiff's filing fee returned and expressed to Plaintiff "disappointment and disapproval." The Court rejects this argument as facially insufficient to show bias. It appears that the action Plaintiff refers to is Cohn v. University of Hawaii, Civ. No. 01-00628 HG-BMK, which Plaintiff filed on September 24, 2001, and which reached settlement before this Court on July 1, 2002. Id. at Doc. 23. As a result of the settlement agreed to by the parties, the action was dismissed with prejudice, with each party bearing their own costs and attorneys' fees. Id. at Doc. 24.

Given this record, Plaintiff had no basis to obtain reimbursement of any filing fees; rather, the parties agreed to each bear their own costs. And in any event, the refusal to return a filing fee relates to courtroom administration and shows no "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Further, this Court's alleged expression of "disappointment and disapproval" does not suggest any basis to recuse in this action over ten years after Plaintiff's previous action settled. See Pesnell, 543 F.3d at 1044 ("'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at

courtroom administration." (quoting <u>Liteky</u>, 510 U.S. at 555-56)). The Court therefore DENIES Plaintiff's Motion for Recusal.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, December 12, 2012.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Cohn v. State of Hawaii, Dep't of Educ.</u>, Civ. No. 12-00502 JMS-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL.